IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:07cr242

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>)<br>vs.                                             )<br>)<br>)<br>TINA TENNILLE MARTIN.           )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Joint Motion to Vacate and Re-Sentence Defendant Under 28 U.S.C. § 2255 [Doc. 26].

On October 24, 2007, the Defendant was indicted in a seven-count bill of indictment and charged with bank fraud, in violation of 18 U.S.C. § 1344; identity theft, in violation of 18 U.S.C. § 1028(a)(6); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The Defendant was detained, and she has been in custody since that date. On February 6, 2008, the Defendant entered a plea of guilty to two counts of identity theft under 18 U.S.C. § 1028(a)(6). On May 1, 2008, the Defendant was sentenced to 21 months of imprisonment, three years of supervised release, and restitution of $54,864.51.

The Defendant and the Government now move the Court pursuant to 18 U.S.C. § 2255 to vacate the Defendant's sentence.  For grounds, the parties state that the Department of Justice has recently concluded that the offenses to which the Defendant pled guilty were incorrectly designated as felonies and, therefore, the Defendant's current sentence exceeds the maximum sentence for her misdemeanor offenses.  [Doc. 26].

Section 2255 provides, in pertinent part, as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the

>judgment aside and shall discharge the prisoner or resentence [her] or grant a new trial or correct the sentence as may appear appropriate.
>
>(c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

28 U.S.C. § 2255.

For the reasons stated in the motion, and for cause shown, **IT IS, THEREFORE, ORDERED** that the Joint Motion to Vacate and Re-Sentence Defendant Under 28 U.S.C. § 2255 [Doc. 26] is **GRANTED** to the extent that the Defendant's term of imprisonment as set forth in the Judgment [Doc. 22] is hereby **VACATED**. This matter is hereby set for a hearing and resentencing on **January 7, 2008** in the Charlotte Division.

**IT IS FURTHER ORDERED** that the Defendant shall be **RELEASED** immediately from the custody of the Bureau of Prisons pending her resentencing.

**IT IS FURTHER ORDERED** that upon release from imprisonment, the Defendant shall begin the term of supervised release, as set forth in the Judgment [Doc. 22]. The Defendant shall report in person to the probation officer in the district to which she is released within 72 hours of release from custody of the Bureau of Prisons.

**IT IS FURTHER ORDERED** that the Magistrate Judge shall conduct a detention hearing regarding the terms under which the Defendant may remain released pending resentencing.

**IT IS FURTHER ORDERED** that all remaining issues regarding the § 2255 motion shall be addressed at the January 7, 2008 hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to take all steps necessary to ensure that a copy of this Order is served expeditiously upon the Bureau of Prisons.

**IT IS SO ORDERED**.

Signed: December 22, 2008

Martin Reidinger
United States District Judge